**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-21-138-1-SLP |
| XAVIER PEREZ, | ) ) ) |
| Defendant. | ) ) |

**O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 150]. Defendant seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 153] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 151]. For the reasons that follow, Defendant's Motion is DISMISSED.

**I.   Background**

On September 13, 2021, Defendant pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Doc. Nos. 87-89. On June 16, 2022, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 109. The PSR calculated a base offense level of 34 plus (1) a two-level increase because the methamphetamine was unlawfully imported from Mexico and (2) a two-level reduction because Defendant was safety-valve eligible. PSR, ¶¶ 28-30.

This resulted in an adjusted offense level of 34. *Id*., ¶ 34. After applying a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 31. *Id*., ¶¶ 36-38.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I. *Id*., ¶¶ 41-42. Combining Defendant's total offense level of 31 and criminal history category of I, the PSR recommended a guideline range of 108 to 135 months' imprisonment. *Id*., ¶ 66.

On July 27, 2022, the Court adopted the PSR without change, varied downward, and sentenced Defendant to 84 months' imprisonment. Doc. Nos. 122, 123 at 2, and 124 at 1.

Defendant subsequently filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 on grounds that he is a zero-point offender.

## II.   Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the

Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;
    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
    (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

### III. <u>Analysis</u>

Applying Amendment 821 (Part B) to Defendant as a zero-point offender, his guideline range is reduced by two offense levels, from 31 to 29. Combining Defendant's new total offense level of 29 with his original criminal history category of I, his amended guideline range is 87 to 108 months' imprisonment. As the Government sets forth in its Response, because Defendant's current sentence of 84 months' imprisonment is already less than the amended guideline range of 87 to 108 months, Defendant is ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A)-(B); *see also Dillon*, 560 U.S. at 827. Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's pro se Motion to Reduce Sentence [Doc. No. 150] is DISMISSED.

---

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

IT IS SO ORDERED this 15th day of November, 2024.

                                                  SCOTT L. PALK
                                                  UNITED STATES DISTRICT JUDGE